UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:03-CR-288 CAS |
| WILLIAM SANDEFUR, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for concurrent time and credit for the time he has served in the state correctional facility. The defendant's motion asserted that the government consented to the motion. The Court requested that the government file a response to defendant's motion. For the following reasons, the Court will deny defendant's motion.

**Background**

Defendant pled guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) on May 8, 2003. The Court sentenced defendant to 27 months in prison and three years of supervised release on July 24, 2003. At the time of the sentencing, defendant was in the custody of the St. Louis County Department of Justice, awaiting trial or disposition on three counts of Statutory Sodomy in the First Degree. The parties contemplated that the federal and state sentences would run concurrently, but the Court could not enter an order for a sentence concurrent to the state charges because at the time there was no state sentence. After the federal sentencing, defendant was returned to the St. Louis County Jail. On November 21, 2003, the defendant pled guilty to the sodomy charges. The St. Louis County Circuit Court sentenced defendant to 8 years

in the Missouri Department of Corrections on January 30, 2004. The St. Louis County judgment states that defendant's state sentence is to run concurrently with his federal sentence.

Defendant has been incarcerated since December 2002. Since entering his federal guilty plea, the defendant has served 25 months in jail. Defendant states that while the intent of the parties was that his federal time be served concurrently with his state time, he is not scheduled to be released from the Missouri Department of Corrections until April 2, 2008. Defendant requests that the Court enter an order directing the Federal Bureau of Prisons to recognize the time that defendant has served in the Missouri Department of Corrections, credit such time against his federal sentence, and withdraw the federal detainer on defendant.

**Discussion**

Federal Rule of Criminal Procedure 35(a) provides, "within 7 days after sentencing, the court may correct a sentence that has resulted from arithmetical, technical, or other clear error." The Court does not have jurisdiction after 7 days have passed to correct the sentence under Rule 35(a). See United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000) (discussing former Rule 35(c), Fed. R. Crim. P.). Rule 35(b) allows the Court upon the motion of the government to reduce a sentence for substantial assistance. Under Federal Rule of Criminal Procedure 36, "After giving notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36. Defendant does not meet any of the foregoing categories that would allow the Court to amend or correct the judgment.

Additionally, the Court does not have the authority to order the Bureau of Prisons to release its detainer and give defendant credit for time served. Pursuant to 18 U.S.C. § 3585, a defendant may receive credit for time spent in custody prior to the commencement of sentence. The determination

2

of whether a defendant should be given credit for time served is a decision for the Bureau of Prisons. United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004). The Bureau of Prisons has administrative procedures in place to review whether defendant should receive credit for time spent in state custody. Pardue, 363 F.3d at 699. Once those procedures have been exhausted, then defendant may file a petition for writ of habeas corpus to the Court. Id. Defendant has not asserted that he has been denied the credit of time by the Bureau of Prisons or that he has pursued and exhausted any administrative remedies in that regard. Therefore, defendant's motion should be denied without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for concurrent time and credit for the time he has served in the state correctional facility is **DENIED without prejudice**. [Doc. 16]

\
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 7th day of July, 2005.